*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

## MEMORANDUM OPINION

No. 04-09-00713-CR

**IN RE** Jason **MIEARS**

Original Proceeding[1]

PER CURIAM

Sitting:　　　Catherine Stone, Chief Justice
　　　　　　　Phylis J. Speedlin, Justice
　　　　　　　Marialyn Barnard, Justice

Delivered and Filed:　November 11, 2009

PETITION DENIED

On November 2, 2009, relator Jason Miears filed a petition entitled "Petition for Writ of Quo Warranto" in which he complains his appointed counsel has failed to provide him copies of discovery received by his counsel from the State. He asks this court to issue a writ to force his appointed counsel to furnish him with copies of all discovery.

A writ of quo warranto is an extraordinary remedy used to determine disputed questions about the proper person entitled to hold a public office and exercise its functions, or to question the existence of a public corporation or district and its right to act. *State ex rel. Angelini v. Hardberger*,

---

[1] This proceeding arises out of Cause No. 2009-CR-6566, styled *State of Texas v. Jason Miears,* in the 379th Judicial District Court, Bexar County, Texas, the Honorable Ron Rangel presiding.

932 S.W.2d 489, 490 (Tex. 1996) (citing *State ex. rel Jennett v. Owens*, 63 Tex. 261, 270 (1885)) (person holding public office); *Save Our Springs Alliance, Inc. v. Lazy Nine Mun. Util. Dist. ex rel Bd. of Directors*, 198 S.W.3d 300, 310 (Tex. App.—Texarkana 2006, pet. denied) (special-law municipal utility water district). Relator's petition is wholly unrelated to the issues for which a writ of quo warranto is available, and therefore is an improper vehicle for obtaining the relief sought by relator.

Even if we interpret relator's petition as a petition for writ of mandamus, he is still not entitled to relief. This court's writ power is limited to issuance of writs necessary to enforce our jurisdiction, writs of habeas corpus in civil cases, and writs of mandamus against a (1) judge of a district or county court in our district, (2) judge of a district court acting as a magistrate at a court of inquiry in our district. *See* TEX. GOV'T CODE ANN. § 22.221 (Vernon 2004). Relator's request has no relationship to our jurisdiction, arises out of a criminal case, and is directed against his appointed counsel, not a judge as described in that statute.

Based on the foregoing, we deny relator's petition. TEX. R. APP. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH